WHEELER & WILSON MANUFACTURING COMPANY, PLAIN-
TIFF IN ERROR, v. H. W. GALLIVAN, DEFENDANT IN
ERROR.

**Contracts.** Plaintiff and defendant entered into a contract for
the sale and leasing by the former of machines furnished by the
latter, plaintiff to receive certain commissions during the con-
tinuance of the contract. The contract ceased by consent of
both parties, after which payments were made to defendant for
machines disposed of by the plaintiff under the contract.
*Held,* that plaintiff was not entitled to commissions on pay-
ments so subsequently made.

ERROR to the district court for Douglas county. Tried
below before SAVAGE, J.

*Redick & Connell,* for plaintiff in error.

*Adams & Simeral,* for defendant in error.

COBB, J.

This cause was tried to the district court, a jury be-
ing waived, upon an agreed state of facts by stipula-
tion, of which the following is a copy:

"It is hereby stipulated that this case shall be sub-
mitted to said court, upon the following agreed state of
of facts: That defendant is a corporation as alleged,
and that on the 29th of November, 1877, the plaintiff
commenced selling machines for defendant, under the
contract hereto attached marked, Exhibit A, and under
said contract continued to sell machines until the 11th
day of June, 1878, when he, upon change of manage-
ment of the company, quit the employment of the com-
pany. That prior to that time plaintiff had sold large
numbers of machines upon leases received and accepted
by defendant; that on a portion of these leases there
remained payments uncollected at the time aforesaid,
which were subsequently collected by defendant, one-

half of which amounts to $48.50, amount claimed in the petition."

"It is further stipulated that at the date last aforesaid all action or work under said contract ceased by the consent of said parties, and that the question involved herein is whether said subsequent payments were so made during the continuance of said contract as to entitle plaintiff to commissions upon the payments so subsequently made." The leases referred to were so received and accepted prior to said 11th day of June, 1878.

Exhibit A attached to stipulation: "It is agreed, this twenty-ninth day of November, 1877, by and between the Wheeler & Wilson Manufacturing Company, a corporation duly incorporated by the legislature of the state of Connecticut, having a place of business in the city of Chicago, county of Cook, state of Illinois, party of the first part, and H. W. Gallivan of Omaha, Nebraska, party of the second part as follows:

"Section 1. The Wheeler & Wilson Manufacturing Company shall furnish to the party of the second part Wheeler & Wilson sewing machines in such quantities and of such styles as the Wheeler & Wilson Manufacturing Company may deem requisite, the same to be disposed of by the party of the second part in Douglas and Sarpy counties, Nebraska."

"Section 2. Second party shall pay the Wheeler & Wilson Manufacturing Company, at prices mentioned in schedule of wholesale prices countersigned by the first and second parties, for all machines received by second party, except those for which leases may be sent to and accepted by the Wheeler & Wilson Manufacturing Company."

"Section 3. The second party shall be paid, less collection charges, one-half of all payments made during the continuance of this contract, excepting

that payments, which may be taken in an old machine upon any lease received and accepted by the Wheeler & Wilson Manufacturing Company from second party, until said second party has received an amount equal to the difference between the time price of machine leased, as shown in schedule mentioned in section two, and the price at which it is leased. Whenever an old machine is taken as partial payment on a machine leased, bill of sale of the former, signed by the person of whom it is obtained, shall be sent to the Wheeler & Wilson Manufacturing Company, and the amount to be paid second party as above shall be decreased the amount allowed for the old machine less $10. Old machines taken on machines leased to belong to the Wheeler & Wilson Manufacturing Company, and they, as well as those taken on note sales, are to be received by the Wheeler & Wilson Manufacturing Company, according to the conditions contained in schedule above mentioned. If it shall, from any cause, become necessary to take in machines on leases which have been sent the Wheeler & Wilson Manufacturing Company by second party, said second party shall, during the continuance of this contract, recover said machine without charge, upon being requested by the Wheeler & Wilson Manufacturing Company to do so.

" SECTION 4. The party of the second part shall, remit to the Wheeler & Wilson Manufacturing Company whenever machines are ordered, and at the end of each month for all machines disposed of since last remittance, and at the end of each month shall send a report of the machines remaining on hand, with plate numbers of the same; shall faithfully fulfill all promises made to customers, and see that they receive thorough instructions in use of machines, and shall pay all expenses incurred in the prosecution contemplated by this contract.

"SECTION 5.  This contract may be terminated at the option of either party by giving the other thirty days' written notice.  At its termination, party of the second part shall pay the Wheeler & Wilson Manufacturing Company for all machines which have been received by second party from the Wheeler & Wilson Manufacturing Company, which have not previously been properly accounted for, as provided in section two, and shall also pay any and every indebtedness which has been incurred under this contract.  If second party shall fail or refuse to comply with the terms of this contract, when requested by the Wheeler & Wilson Manufacturing Company, in writing, to do so, the Wheeler & Wilson Manufacturing Company can employ an attorney or agent to obtain from second party the amount due the Wheeler & Wilson Manufacturing Company, in which case fees of attorney employed, or salary and expenses of agent while thus engaged, shall be paid by second party, and the amount of said fees or salary and expenses shall at once become due to the Wheeler & Wilson Manufacturing Company."

Signed and witnessed.

This is a carefully drawn contract—no doubt the form used by the company at all of its agencies.  As might be expected, it is more conservative of the interests of the company than of the agent.  Had the agency been terminated in the manner provided for in the contract, the question presented would have been somewhat more difficult than as we now have it.  But even then, as the defendant in error entered into a contract to perform certain services in leasing sewing machines for a compensation, the amount of which was to depend upon the payments made during the continuance of the said contract, and which contract contained also the provision that it might be termina-

ted, and so cease to *continue* at the option of either party, by giving the other thirty days' written notice, hence, he must have intended to receive his full pay out of such payments of rent as should be made within that time. But we are informed by the agreed statement of facts that the contract was terminated by mutual consent, and, as I understand the terms of the contract, the agent thereby waived his commissions on such payments as might be made within the thirty days, which otherwise the notice would have been pending, and the contract continuing.

It follows, therefore, that the judgment of the district court cannot be sustained, but must be reversed, and the cause dismissed.

JUDGMENT ACCORDINGLY.